Mr.- Justice McLEAN
 

 delivered the opinion of the Court.
 

 The only point raised in this case is,-whether the certificate of the officer who took the .deposition objected to is sufficient. He states that he did not give the defendant Nunn els, nor his counsel, notice, as neither Jived within one hundred miles of the place where the deposition was taken. This may be true, it is alleged, and yet one or both of them might have been in New Orleans, or near to it,' .at the date of the-certificate. ■
 

 The law requires that- a “ notice shall be made out and served on the adverse party or .his attorney, as either may be nearest, if either is within one hundred miles of the place of such caption, ”&c. The officer'taking the deposition is presumed to know the residency of the party entitled to notice, as the person at whose instance the deposition is taken is bound to communicate that fact to him. But beyond this, he cannot be presumed to know or required to certify. If, in the words of the act, hé certifies “ that the adverse party or his attorney is not within one hundred miles,” he is presumed so to state from the known fact that the residence of neither is within the distance specified. If the party or his counsel ’live within the hundred miles, a notice left, at?his residence would, be good. '
 

 Where the party entitled to a notice lives more than one húndred ■ miles from the place where the deposition is taken, and the officer so certifies, it would be sufficient, although it might be proved that such party was within the distance specified at the time, if the fact were unknown to the officer and the person in whose behalf the deposition was taken. The certificate may be, cóntrovérted by parol proof, especially in regard to the facts stated of which the magistrate is not supposed to have official knowledge. And if it were made to appear that the person entitled to notice did not live •one hundred miles from the. place of the cdptiori of the deposition, or if he were known to the magistrate or the party to be témpora- • rily within that distance where á notice might ble served on him, • though his residence might be more than one hundred miles distant,, withe at a'notice, the proceeding would be irregular and the depo■sition inadmissible.
 

 
 *10
 
 Upon .the whole,.we think the certificate under consideration was. sufficient,. and that the deposition, on the ground "stated, ought hot to be overruled.
 

 Order.
 

 This cause camie on to be heard on the transcript of the record from the Circuit Court" of the United States for the Southern District of-Mississippi, and.on the point and question on.which the.Judges of the .said Circuit Court, were opposed’. in opinion, and which was certified tp this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this court that the certificate under consideration was sufficient, and that the deposition,, on the ground stated, ought not to be overr ruled. Whereupon it is now here ordered and adjudged that it bé so certified to the-said Circuit Court,.